McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Jonathan W. Carlson
Nevada Bar No. 10536
  *jonathan.carlson@mccormickbarstow.com*
Pamela L. McGaha
Nevada Bar No. 8181
  *pamela.mcgaha@mccormickbarstow.com*
Sean E Cortney
Nevada Bar No. 16218
  *sean.cortney@mccormickbarstow.com*
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone:    (702) 949-1100
Facsimile:    (702) 949-1101

Attorneys for Defendant CSAA GENERAL
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLISON LEE PROFFITT, individually, | Case No. 2:24-cv-00805-RFB-NJK |
| Plaintiff, | **JOINT DISCOVERY PLAN AND SCHEDULING ORDER** |
| v. | |
| CSAA GENERAL INSURANCE COMPANY; DOES I through X; and ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

Pursuant to FRCP 26(f) and LR 26-1, the parties, by and through their respective counsel, hereby submit the following Joint Stipulated Discovery Plan and Scheduling Order for the Court's approval.

## I.
## PROCEDURAL HISTORY

Plaintiff filed her Complaint on March 20, 2024, in the Eighth Judicial District Court of Nevada, Clark County. Defendant CSAA was served with a copy of the Complaint and Summons through service on the Nevada Insurance Commissioner on March 25, 2024.

Defendant filed their Petition for Removal on April 29, 2024 [Doc. 1], and filed their Motion to Dismiss on May 3, 2023. [Doc. 6]. Plaintiff filed her Opposition to CSAA's Motion to Dismiss on May 17, 2024 [Doc. 9], and CSAA filed its Reply on May 24, 2024. [Doc. 10]. At the Court's request, Defendant filed their Statement Regarding Removal on May 3, 2024. [Doc. 7].

## II.
## PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER

**A.     Fed. R. Civ. P. 26(f) Meeting**

Pursuant to Fed. R. Civ. P. 26(f), a conference was held on June 26, 2024. John Funk, Esq. attended for Plaintiff Allison Lee Proffitt, and Pamela McGaha, Esq. attended for Defendant CSAA General Insurance Company.

**B.     Changes to Pre-Discovery Disclosures**

Pursuant to FRCP 26(f)(3)(A), the parties stipulate that there shall be no changes to the form or requirement for disclosures under FRCP 26(a). The parties have stipulated that disclosures under FRCP 26(a) shall be made on or before July 12, 2024, including, but not limited, to any Computation(s) of Damages required pursuant to FRCP 26(a)(i)(A)(iii).

**C.     Areas of Discovery**

The parties agree that all discovery allowed under the Federal Rules of Civil Procedure, including by Rule 26(b), Rule 30, Rule 33, Rule 34, and Rule 36 should be permitted, such that the parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and proportional to the needs of the case, subject to the limitations imposed by Rule 26(b)(2).

**D.     Issues with Electronically Stored Information**

The parties stipulate that there are no issues pertaining to the disclosure, discovery, or preservation of electronically stored information. The parties anticipate, however, that this case will involve or require the inspection or production of electronically stored information ("ESI"). To the extent a party requests ESI, the parties agree that the ESI can be produced in paper format, as an image (e.g., pdf, jpg, or tiff), or via hard electronic copy (e.g., CD-ROM, DVD, or Dropbox.com). The parties will cooperate in good faith to ensure that ESI is produced in a readily identifiable (and

readable) format.

**E.      Issues Regarding Privilege or Protection**

The parties agree to be bound by Federal Rule of Evidence 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each taking reasonable steps to identify and prevent disclosure of any document (or information) that they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document shall promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the requesting party that such document was inadvertently produced and should have been withheld.

Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the court denying such privilege.

**F.      Discovery Plan**

**1.      Close of Discovery Date**

The parties herein stipulate that the discovery period shall be 180 days from the Petition for Removal was filed on April 29, 2024. Therefore, the close of discovery shall be **October 28, 2024.**

**2.      Amending the Pleadings or Adding Parties**

The parties shall have until **July 30, 2024,** to file any motions to amend the pleadings or add parties. This is ninety (90) days prior to the close of discovery.

**3.      FRCP 26(a)(2) Disclosure of Experts**

Disclosure of experts shall proceed according to FRCP Rule 26(a)(2)(D) and LR 26-1(b)(3) as follows:

- The disclosure of experts and their reports shall occur on or before **August 29, 2024.**

1    - The disclosure of rebuttal experts and their reports shall occur on or before
2    **September 30, 2024.**

3    These deadlines are sixty (60) days before the discovery cut-off date and thirty (30) days after the initial disclosure of experts.

   **4.    Dispositive Motions**

   The parties shall have until **November 27, 2024** to file dispositive motions. This is thirty (30) days after the discovery cut-off date, as required by LR 26-1(b)(4).

   **5.    Pre-Trial Order**

   The parties will prepare a consolidated Pre-Trial Order on or before **December 27, 2024,** which is not more than thirty (30) days after the date set for filing dispositive motions in this case, as required by LR 26-1(b)(5). In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the Court. The disclosure required by FRCP Rule 26(a)(3), and objections thereto, shall be made in the pre-trial order.

   **6.    Modifications of the Discovery Plan and Scheduling Order**

   LR 26-3 ~~LR 26-4~~ governs modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion must be made at least twenty-one (21) days prior to the expiration of any extension thereof that may have been approved by the Court, or at least twenty-one (21) days prior to the expiration of the subject deadline.

**G.    Certifications**

   Lastly, pursuant to LR 26-1(b)(7-9),the parties certify as follows:

   **1.    Alternative Dispute Resolutions**

   The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, early neutral evaluation.

   **2.    Alternative Forms of Case Disposition**

   The parties certify that they considered consent to trial by magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). At this time, they withheld their mutual consent to such forms of alternative case disposition, and

1 agreed to discuss more at a later date.

2     **3.**    **Electronic Evidence**

3 The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposed of the jury deliberations and that no stipulations have been reached as of the filing of this plan regarding providing discovery in an electronic format compatible with the court's electronic jury evidence display system.

IT IS SO STIPULATED.

| MOSS BERG INJURY LAWYERS | McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP |
|---|---|
| /s/Marcus A. Berg | /s/Jonathan W. Carlson |
| Marcus A. Berg | Jonathan W. Carlson |
| Nevada Bar No. 9760 | Nevada Bar No. 10536 |
| John C. Funk | Pamela L. McGaha |
| Nevada Bar No. 9255 | Nevada Bar No. 8181 |
| Attorneys for Plaintiff | Sean E Cortney |
| | Nevada Bar No. 16218 |
| | Attorneys for Defendant CSAA GENERAL INSURANCE COMPANY |

**ORDER**

IT IS SO ORDERED.

Dated: June 27, 2024

_____
United States Magistrate Judge

012428-000431 10029838.1